UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ILIA KOLOMINSKY, Individually and on Behalf of All Others Similarly Situated,**

    **Plaintiff,**

    v.

**ROOT, INC., et al.,**

    **Defendants.**

Case No. 2:21-CV-01197
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration on six Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel by the following parties: Plaintiff Bryan Anderson (ECF No. 9), Movant Wenxuan Guo (ECF No. 10), Movant Patrick Thane (ECF No. 12), Movant IBEW Local 353 Pension Plan (ECF No. 14), Movant Plumbers Local #290 Pension Trust Fund ("Plumber's Local") (ECF No. 15), and Movant Efrat Investments LLC (ECF No. 16). All movants except Plumber's Local subsequently filed notices of non-opposition and effectively withdrew their motions to allow Plumber's Local to move unopposed for appointment as lead plaintiff and approval of lead counsel. (*See* ECF Nos. 18–22, 26.)

For the following reasons, Plumber's Local's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Plaintiff (ECF No. 15), is **GRANTED** and the other motions (ECF Nos. 9, 10, 12, 14, 16) are **DENIED as moot**. Accordingly, Plumber's Local is **APPOINTED** Lead Plaintiff, and its selection of lead counsel is **APPROVED**.

## I.     STATEMENT OF FACTS

This is a federal securities class action on behalf of all persons and entities that purchased or otherwise acquired: (a) Root securities between October 28, 2020 and March 8, 2021 or (b) Root Class A common stock pursuant or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about October 28, 2020 (the "IPO" or "Offering"). (Compl. at 1, ECF No. 1.) Plaintiff pursues claims against the Defendants under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

Root provides auto insurance products and services to person and entities in the United States. (*Id.* at 1.) On October 5, 2020, Root filed a registration statement with the SEC in connection with the IPO, which, after several amendments, was declared effective on October 27, 2020 (the "Registration Statement"). (*Id.* at 2.) On October 28, 2020, Root conducted the IPO, selling 26.8 million shares of the Company's Class A common stock to the public at $27.00 per share for total approximate proceeds of $724.43 million. (*Id.*) On October 29, 2020, Root filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). (*Id.*)

Plaintiffs contend that the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Plaintiff claims that the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Root would foreseeably fail to generate positive cash flow for at least several years following the IPO; (ii) accordingly, the

Company would foreseeably require significant cash infusions to meet its cash flow needs; (iii) notwithstanding the Defendants touting of Root's purportedly unique, data-driven advantages, several of the Company's established industry peers in fact possessed significant competitive advantages over Root with respect to, inter alia, telematics data and data engagement; and (iv) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein. (*Id.* at 2-3.)

On March 9, 2021, Root's stock price fell $0.18 per share, or 1.46%, to close at $12.17 per share, representing a total decline of 54.93% from the Offering price. Root's stock price has continued to trade below the $27.00 per share Offering price, damaging investors. Plaintiffs bring this action under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).to recover losses and damages associated with Root's alleged wrongful acts and omissions. (*Id.* at 3-4.)

## II. LAW & ANALYSIS

The most significant procedural change effected by the PSLRA is the requirement that the Court appoint, at the initial stages of litigation, a "lead plaintiff." Specifically, the PSLRA states that:

> the court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff").

15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff:

is the person *or group of persons* that–

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). This presumption may be "rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

A. **Subsection (aa)**

The PSLRA creates a rebuttable presumption that the most adequate plaintiff "is the person or group of persons that-- (aa) has either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Subsection (aa) refers to the notice provision of the PSLRA, which provides:

**(i) In general**

Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

**(ii) Multiple Actions**

4

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

15 U.S.C. §§ 78u-4(a)(3)(A)(i)-(ii).

The statutory notice in this case was published, and Plumber's Local filed its motion for selection as lead counsel, in satisfaction of the PSLRA's 60-day requirement.

**B. Subsection (bb)**

Second, the Court considers which person or group of persons has the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). It is undisputed that Plumber's Local has a substantial interest in the relief sought by the class, having suffered more than $294,623 in losses as a result of the alleged wrongdoing. (*See* ECF No. 15-1 at 4–5.)

**C. Subsection (cc)**

Third, the PSLRA directs consideration of whether the party "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Two of the four requirements in Rule 23 are applicable to class representatives: whether the claims or defenses of the representative parties are typical of the claims or defenses of the class and whether the representative party will fairly and adequately protect the interests of the class. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. at 304.

**III.**

In light of the circumstances highlighted above, Local Plumber's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Plaintiff is **GRANTED**. (ECF No. 15), and the other motions for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF Nos. 9, 10, 12, 14, 16) are **DENIED as moot**. The Court hereby **APPOINTS** Plumbers

Local #290 Pension Trust Fund as Lead Plaintiff in this case and Robbins Geller Rudman & Dowd as Lead Counsel for the proposed class.

    **IT IS SO ORDERED.**

**1/21/2022**                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**